Judgment, Supreme Court, New York County (Carol Huff, J.), entered April 26, 2013, which denied the petition to enjoin the implementation of respondent Taxi and Limousine Commission’s (TLC) 12-month pilot program to allow medallion cabs to arrange passenger pickups via smart phone applications (E-Hail Program), vacated the temporary restraining order, and *619 dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners, entities that represent or have financial interests in businesses that operate black or livery cars, filed the instant petition for an order declaring the E-hail Program null and void, arguing that respondent TLC exceeded its authority in adopting this program, that provisions of the program improperly depart from applicable provisions of the Administrative Code of the City of New York, and that the program was adopted without complying with procedures required to change rules pursuant to the New York City Administrative Procedure Act (CAPA) (New York City Charter ch 45) and in violation of the State Environmental Quality Review Act (SEQRA) (ECL art 8). Contrary to petitioners’ arguments, the E-Hail Program complies with the plain language of New York City Charter § 2303 (b) (9), as it was adopted for the “limited purpose[ ]” of studying the feasability of using smart phone application to hail medallion taxis and for the “limited . . . time” of 12 months. Additionally, the program complies with Administrative Code § 19-511 (a) requiring the licensing of communications systems upon such terms as TLC deems advisable by giving TLC the authority to issue temporary authorizations for the communications systems needed to accept passenger hails electronically, as those authorizations function as temporary, limited licenses appropriate for a pilot program.
Further, we find that to the extent the E-Hail Program allows drivers to ignore electronic hail requests or to cancel previously accepted requests in favor of street hails, this does not violate Administrative Code § 19-507 (a) (2), which prohibits drivers from refusing, “without justifiable grounds, to take any passenger or prospective passenger to any destination within the city.” We also find that the program was properly adopted, is not in violation of SEQRA and, as a temporary and voluntary pilot program, is not subject to CAPA procedural requirements. Concur — Friedman, J.P., Sweeny, Richter and Manzanet-Daniels, JJ. [Prior Case History: 2013 NY Slip Op 30824(U).]